ISADORE RUBIN *vs.* ROBERT DUN DOUGLASS & others.

Suffolk. December 3, 4, 1923. — May 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Libel and Slander,* Privileged communication.

At the trial of an action against a commercial agency for libel, there was evidence tending to show that a customer of the defendants inquired as to the standing and responsibility of " Israel Rubin, grocer, 77 Charles Street, Boston." There was no person answering that description, but the plaintiff, Isadore Rubin, carried on a grocery business at that place. The defendants reported to the subscriber that " Isadore Rubin, grocer, at 77 Charles Street," had been an involuntary bankrupt. The statement was false as to the plaintiff. Another man, Isadore Rubin, otherwise called Israel Rubin, was engaged in the fruit and

grocery business at an entirely different address and had been an involuntary bankrupt. The judge refused to rule that the report of the defendants was a privileged communication and charged the jury that, if they found that the defendants gave the information, not concerning another man about whom their customer inquired, but concerning the plaintiff, then their report would not be a privileged communication. The jury found for the plaintiff. *Held*, that

(1) There was no error in the denial of the request or in the instruction given;

(2) The defendants in making answer to the request of their customer, without ascertaining accurately his intent and desire, took a chance of interpreting the request incorrectly;

(3) In finding for the plaintiff, the jury must have found that the defendants were mistaken in their interpretation of the request of their subscriber and that the subscriber sought information, not about the plaintiff, but about another man; and such findings were not without foundation in the evidence;

(4) It was a question of fact for the jury whether the subscriber's request of the defendants referred to the plaintiff.

TORT for libel. Writ dated December 22, 1920.

In the Superior Court, the action was tried before *Keating*, J. Material evidence is described in the opinion. The defendants moved that a verdict be ordered in their favor. The motion was denied. The defendants then asked for the following rulings:

" 1. If the information furnished by the defendants to Saville Somes and Company, Standard Grocery Company and Max Cheren and Sons was furnished by the defendants in good faith, the plaintiff cannot recover in this action.

" 2. There is no evidence of malice on the part of the defendants in furnishing the information to their subscribers Saville Somes and Company, Standard Grocery Company, and Max Cheren and Sons, and therefore the plaintiff cannot recover in this action."

The rulings were refused. Material instructions to the jury are described in the opinion. The jury found for the plaintiff in the sum of $800. The defendants alleged exceptions.

*F. P. Garland*, (*H. Tirrell* with him,) for the defendants.

*H. C. Dunbar*, for the plaintiff.

RUGG, C.J. This is an action for libel. The defendants conduct a commercial agency in Boston. One of their regular

subscribers, the Standard Grocery Company, on May 10, 1919, sent to the defendants a request for information respecting the standing and responsibility of Israel Rubin, grocer, 77 Charles Street, Boston. There was no Israel Rubin, grocer, at 77 Charles Street, but the plaintiff, Isadore Rubin, carried on the grocery business at that place. The defendants, in reply to this request, sent a special report concerning " Isadore Rubin, grocer, at 77 Charles St.," stating among other matters that an involuntary petition in bankruptcy was filed against him on March 25, 1919. In fact, no such petition had been filed. Another man named Isadore Rubin, otherwise called Israel Rubin, was engaged in the fruit and grocery business on Blue Hill Avenue, another part of Boston. Against this latter man an involuntary petition in bankruptcy had been filed on March 25, 1919. That proceeding was entitled, " Isadore Rubin (Israel Rubin) of Boston." The defendants on May 29 sent to the Standard Grocery Company another report concerning the plaintiff, which contained, together with other information, the statement, " An involuntary petition in bankruptcy filed against one, Isadore Rubin on March 25, 1919 does not refer to Isadore Rubin, 77 Charles St." On the same date the defendants requested return of the earlier report. To this request the Standard Grocery Company replied that the earlier report had been lost.

The defendants at about the same time received from two others of their subscribers requests for special reports, one concerning " I. Rubin " and the other concerning " Isadore Rubin," each request giving the business and address of the person about whom the inquiry was made as " Grocer, 77 Charles St., Boston." The defendants made the same reply to these inquiries as to that of the Standard Grocery Company concerning " Israel Rubin."

The trial judge ruled that the plaintiff could not recover damages on account of these reports to the two other subscribers, because such reports were privileged communications and there was no evidence of malice on the part of the defendants in sending those reports. No exceptions are before us concerning the correctness of those rulings. See

*Ormsby* v. *Douglass,* 37 N. Y. 477; *King* v. *Patterson,* 20 Vroom, 417; *London Association for Protection of Trade* v. *Greenlands, Ltd.* [1916] 2 A. C. 15. Similar rulings requested as to the report sent to the Standard Grocery Company were refused subject to the defendants' exception. The case was submitted to the jury under a charge to which only a single exception was saved by the defendants, namely, to the instruction: " But if you should find that the man concerning whom the Standard Grocery Company sought information from the defendant was not the plaintiff but was some other man, and if you should find that the defendants gave information not concerning that other man but concerning the plaintiff, then the report would not be a privileged communication."

There was no error in the denial of the requests and in the portion of the charge to which exception was taken.

It is to be noted that the request to the defendants from their subscriber, the Standard Grocery Company, did not specify the plaintiff by the combination of letters constituting his proper name, nor give the distinctive characterization in words distinguishing him from others. The person named in the request by their subscriber to the defendants was not the plaintiff nor one bearing his name. That request was for information concerning Israel Rubin. That request also described his occupation as grocer and his place of business as 77 Charles Street, Boston. The inquiry on its face was equivocal or contradictory. At least two courses were open to the defendants upon receipt of the inquiry: 1. They might have returned the request to the subscriber without answer and asked for definite information. Prudence would seem to have dictated that course. 2. They might answer the request assuming either (a) that the name given in the request specified the person intended by the subscriber and that the address was wrong, or (b) that the address was the location of the business about whose owner information was desired and that there was a mistake in the name. The defendants, in making answer to the request without ascertaining accurately the intent and desire of their subscriber, took their chances of interpreting the request correctly. The

interpretation placed by the defendants upon the request of their subscriber was, as indicated by their first answer and confirmed by their second answer, that it referred to the plaintiff as the owner of the business at 77 Charles Street. They made answer on the assumption that the request of their subscriber sought information about the plaintiff.

The jury found under appropriate instructions that the defendants were mistaken in their interpretation of the request of their subscriber and that the subscriber sought information, not about the plaintiff but about another man. This finding cannot be pronounced without foundation in the evidence. The request of the subscriber related to one named Israel Rubin. That was not the name of the plaintiff. The evidence showed that there was a man in Boston known as Israel Rubin, engaged in the fruit and grocery business. Although there is no evidence that the subscriber had done business theretofore with Israel Rubin, that is not decisive. Doubtless the subscriber might request a report on him under the terms of its contract with the defendants. The weight of the evidence is not for us to consider. A ruling of law could not rightly have been given to the effect that the request by the subscriber of the defendants referred to the plaintiff. That was a question of fact to be settled by the jury. It would be stretching the principle of privilege in the publication of libel beyond any sound limit to hold that the rulings requested by the defendant ought to have been given. The instructions given were sufficiently favorable to the defendants. *Smith* v. *Higgins,* 16 Gray, 251. *Hanson* v. *Globe Newspaper Co.* 159 Mass. 293.

*Exceptions overruled.*